# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CURTIS FORD, | ) |
|       Petitioner, | ) ) |
| v. | )   CAUSE NO. 3:06-CV-545 TS |
| GENE MARTIN, | ) ) |
|       Respondent. | ) ) |

## OPINION AND ORDER

Curtis Ford, a *pro se* prisoner, filed this habeas corpus petition seeking relief under 28 U.S.C. § 2254. The respondent filed a response arguing that the petition is untimely. The petitioner did not file a traverse and the time for doing so has now passed. Therefore the petition is ripe for ruling.

On February 11, 1999, Ford was convicted of dealing in cocaine and on February 12, 1999, he was convicted of being an habitual offender. He was sentenced to 22 years by the Madison Circuit Court in Case number 48C01-9812-CF-313. After completing the direct appeal and post-conviction relief processes, Ford was ultimately denied transfer by the Indiana Supreme Court on January 6, 2005. As of that date and for more than a year thereafter, he did not have pending "a properly filed application for State post-conviction or other collateral review" as provided by § 2244(d)(2). On May 26, 2006, he filed a petition seeking leave to file a successive post-conviction petition.[1]

Having been filed more than a year after Ford's criminal case had been finalized, his petition is prohibited by the habeas corpus statute of limitations:

---

[1] Though there are numerous other post-conviction dates and details properly recounted by the respondent, for simplicity, the court limits its recitation only to those necessary to establish that this habeas petition is untimely.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). For this reason, Ford's habeas corpus petition is **DENIED** as untimely.

SO ORDERED on January 22, 2007.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION